## Case No. 7,189.

### The JAMES ANDREWS.

[2 Spr. 121.] [1]

District Court, D. Massachusetts. March, 1862.

R. H. Dana, Jr., U. S. Atty., for the United States and captors.

W. R. P. Washburn, for claimants.

SPRAGUE, District Judge. This barque and her cargo have been proceeded against in a cause of prize, as enemy's property. The evidence in preparatory showed them to be the property of James Maloney, a citizen and inhabitant of New Orleans. On the authority of the case of The Amy Warwick [Case No. 341], this would have required their condemnation, as enemy's property. But on the further proof which was allowed (being the same that was used in the instance cause, hereafter referred to), it was made to appear to my satisfaction that the vessel and cargo did not, in fact, belong to persons residing within the rebel states, although all the documents so purported. The vessel and cargo were accordingly decreed to be restored to the claimants, and the counsel for the captors moves that the restoration be on condition that the costs and expenses of the captors be paid.

The ship's register declared her to be the sole property of James Maloney, of New Orleans; and that is the proper document to authenticate the ownership of a vessel, and her home port. Officers have a right to trust to the register, as true. The other documents on board—the manifest and shipping articles—were to the same effect. The name of her home port on her stern, as required by law, was New Orleans. In short, the owners themselves, in every form known to the laws, declared the vessel and cargo to belong to a resident of New Orleans. The capture was not from suspicious circumstances, or doubtful indications, but on the direct proof of official documents furnished by the owners themselves. It is difficult to suppose a stronger case of good cause for capture. The costs and expenses in court were necessarily incurred to condemn the property, on these proofs, which were sufficient. The claimants have been allowed the favor of contradicting their own solemn documents, and of showing, by further proof, that James Maloney did not in fact reside in New Orleans, but in Mexico, and that half the vessel and cargo belonged to Asa F. Cochrane. As to Cochrane, the proof was clear that up to a recent period he had always declared himself a resident of New Orleans; but I am satisfied, on the evidence, that he had changed his residence to Boston before the capture. The trial and examinations have really been for the benefit of the claimants. The order must be for delivery, on condition of paying full costs and expenses.

The bark (but not her cargo) was also seized as forfeited to the United States under Act July 13, 1861, c. 3, § 6 (12 Stat. 257). To enforce this forfeiture, a separate proceeding, by an instance suit, was necessary. The evidence was the same as that in the prize cause. To avoid unnecessary expense to the claimants, but one trial and argument was had. The documents, as above stated, showed the vessel to belong to James Maloney, and that he was a resident of New Orleans. The further evidence offered by the claimants showed her to be the joint property of James Maloney and Asa F. Cochrane, and that at and after the time fixed for the operation of the act of July 13, to wit, Sept. 1, 1861, Maloney resided in Mexico, and Cochrane in Boston. It was objected that the claimants were estopped by the documents, and by the oath of Maloney in taking his register. But, although the point was a nice one, I considered the evidence admissible, and that the court was not precluded from forming an opinion of the truth, notwithstanding the documents and the oath on which they must have been obtained. There was, therefore, in the instance cause, as in the prize cause, sufficient ground for seizure and proceedings; and no damages or costs are asked for, or would be given, against the seizing officer, who was the collector of the customs at Edgartown. But the government asks that the claimants be required to pay costs and expenses. It is admitted that the rule is not the same in seizures for violation of municipal law, as in cases jure belli; and no case has been cited where, in a case of the former class, costs have been decreed against the claimants on a restoration of property. But it is contended that proceedings under Act July 13, 1861, are in the nature of belligerent proceedings. The Marianna Flora, 11 Wheat. [24 U. S.] 1; The Palmyra, 12 Wheat. [25 U. S.] 1. The expenses and costs of proceeding in one cause probably cover nearly all that can be claimed; and I do not feel called upon to make this case a precedent of giving costs against the prevailing party in a proceeding by the government which is not one of prize of war.

In the prize cause, the vessel and cargo are restored on condition of paying costs and expenses. In the instance cause, the vessel is restored without costs.

[1] [Reported by Hon. Richard H. Dana, Jr., and here reprinted by permission.]